# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

No. 13-40709

JASON W. WITT,

Plaintiff-Appellant

v.

CHARLES BELL, Senior Warden; MARK ROBERTS, Medical Practice Manager University of Texas Medical Branch; STEPHEN MARTIN, LVN at University of Texas Medical Branch; AMANDA WHITE, LVN at University of Texas Medical Branch; JOYCE FRANCES, LVN at University of Texas Medical Branch; THOMAS MACIEL, Registered Nurse at University of Texas Medical Branch,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-55

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jason W. Witt, Texas prisoner # 1087676, moves to proceed in forma pauperis (IFP) and for appointment of counsel to appeal the dismissal of his 42 U.S.C. § 1983 suit alleging Eighth Amendment violations as frivolous and for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Witt alleged that medical personnel were deliberately indifferent to his serious medical needs after he fractured his big toe.

By moving to proceed IFP in this court, Witt is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). In addition, when the trial court's certification decision is inextricably intertwined with the merits of the case, this court may dispose of the appeal on its merits. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2

Section 1915A(b)(1) directs a district court to dismiss a prisoner's civil rights complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." When a district court dismisses a complaint as both frivolous and for failure to state a claim, as herein, this court's review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). With respect to failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The essence of Witt's deliberate indifference claim is that the appellees acted with reckless disregard for his serious medical condition when they intentionally denied or delayed his access to care provided by a physician. Witt also takes issue with the magistrate judge's characterization of his

constitutional claim as one of a mere disagreement with the care he was given; he instead contends that his claim is one of deliberate indifference on account of the prolonged delay of care caused by individuals who were not medically qualified to treat a broken toe.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Witt has failed to plead facts that would allow a court to draw the reasonable inference that any of the appellees are liable for deliberate indifference to his serious medical needs. *See Iqbal*, 556 U.S. at 678. The facts as pleaded and deemed true establish that Witt was seen by medical personnel on four occasions over roughly a two-week period and was provided with over-the-counter pain relief, as well as a treatment plan that he allow the toe to heal on its own. Nothing in his medical records indicates that his injury was so serious or that his pain was so severe that it posed a risk to his health or safety. Regarding the seriousness of his medical condition, x-rays revealed that he had sustained a nondisplaced fracture that was well aligned and that callus formation had begun. This diagnostic impression does not suggest an injury that posed an excessive risk to inmate health. *See Farmer,* 511 U.S. at 837. Witt contends that the two-week delay in receiving the x-ray constituted deliberate indifference; however, such a delay in treatment rises to the level of

a constitutional violation only when the delay has resulted in substantial harm.  *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).  The medical records refute such a conclusion insofar as Witt was observed to have "ambulated from the clinic without difficulty" following the x-ray and despite the fracture.

Witt's allegations are, at most, allegations of medical malpractice that are premised on medical examinations performed by nurses who did not have, in his opinion, the requisite medical knowledge to treat a broken toe.  Such allegations of negligence do not rise to the level of a constitutional violation.  *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).  The district court did not err in dismissing his suit for failure to state a claim.  *See* § 1915A(b)(1).

In view of the foregoing, Witt's appeal is without arguable merit and is thus frivolous.  *See Howard*, 707 F.2d at 219-20.  Because the appeal is frivolous, it is dismissed.  5TH CIR. R. 42.2.  Witt's motions for appointment of counsel and to proceed IFP motion are denied.  The district court's judgment dismissing the complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the dismissal, as frivolous, of the instant appeal.  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Witt is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION TO APPOINT COUNSEL DENIED.